HEIKKILA and wife, Respondents, vs. STANDARD OIL COM-
PANY, Appellant.

*April 7—May 3, 1927.*

*Negligence: Truck driver starting machine and injuring baby:*
  *Reasonable anticipation of child's presence in position of*
  *danger.*

The driver of a truck engaged in delivering oil to plaintiffs' farm
  was bound to exercise ordinary care not to injure a fourteen-
  months-old baby if he had any reason to anticipate that the
  child might be near the truck; but where he had no reason to
  anticipate that the child was, unattended, in a position of
  danger, it was not negligence for him, in response to the di-
  rection of the father of the child, to start the truck, which
  moved but a short distance when it ran over and killed the
  baby.

APPEAL from a judgment of the superior court of Doug-
las county: ARCHIBALD McKAY, Judge. *Reversed, with di-
rections.*

This is an appeal from a judgment in favor of the plaint-
iffs and against the defendant in a personal injury action.

There was a trial in the superior court by a jury, which
rendered a special verdict finding, in substance, that the de-
fendant was guilty of negligence proximately causing the
injury, and that the plaintiffs were free from negligence.

The usual motions were made by the defendant, which
were denied by the superior court. The defendant appealed.

For the appellant there was a brief by *Dietrich & Daley*
of Superior, attorneys, and *G. A. E. Finlayson* of Duluth,
of counsel, and oral argument by *Mr. Finlayson.*

For the respondents there was a brief by *John A. Cadi-
gan,* attorney, and *Cadigan & Cadigan,* of counsel, all of
Superior, and oral argument by *John A. Cadigan.*

CROWNHART, J. The facts are not substantially in dis-
pute. The respondent *William Heikkila* was a farmer in

Douglas county, and operated a tractor in connection with the farm, in which he used kerosene for fuel. *Wendla Heikkila* was his wife.

The appellant was a dealer in kerosene oil and made delivery, by means of an oil truck, to farmers requiring oil.

On the 19th of May, 1925, the appellant was requested to make delivery of oil to the respondents. The appellant, through its servant, A. E. Bong, drove to respondents' farm, where the respondent *William Heikkila* opened the gate to admit the truck to the farm to make such delivery. The appellant thereupon drove through the gate on a driveway, down to where the tractor was, a distance of about fifty feet, and stopped his truck so the hind end of the truck was about the middle of the tractor. On the tractor was an oil tank, which Mr. Bong filled by drawing oil from the tank on his truck into cans, which he passed to *William Heikkila,* who stood on the tractor and emptied the oil into the tank. When the tank on the tractor was filled with oil, the driver of the truck was directed by *Mr. Heikkila* to go further along the driveway to an oil tank, and fill that tank. The driver of the truck replaced the cans on the hind end of the truck, and went forward on the left-hand side of the truck to the door of the cab, and climbed into the cab and started the engine. He had moved but a short distance when the left hind wheel passed over the body of the respondents' little girl, fourteen months of age, causing her immediate death.

The respondents' house was about fourteen feet from the forward end of the truck. The deceased child had been left in the house by the mother while she went to the barn, some distance away, to care for the cows. The child was left in the care of respondents' six-year-old son, Sulu. In some way the child escaped from the house and was seen by Sulu standing near the front left wheel of appellant's truck, apparently tapping on the tire, at or about the time that the truck started up. The driver of the truck, from his posi-

Heikkila v. Standard Oil Co. 193 Wis. 69.

tion in the cab, could not see the child while it was standing in such position near the wheel. No one had seen the child near the truck, and no one knew of its presence there except the boy, Sulu. When the truck started up it turned slightly to the right and moved on down the driveway, with the results above stated.

It was the contention of the respondents that the driver of the truck, when he passed from the hind end of the truck along the left side of the truck, should have seen the child at its position near the wheels, before he got into the cab, and that he should have looked to see that the way was clear before getting into the cab. The driver testified that he did not see the child and did not know of its presence in the vicinity, and we think we must accept that statement as true. The father, on the tractor, had not seen the child and did not know of its being in the vicinity. Certainly, there is no question but that the statement of the driver that he had not seen the child and did not know of its danger is true. So we are confronted with the question as to whether or not it was the duty of the driver to ascertain by inspection whether or not a child might not be in the position of danger where this child was. The driver was bound to exercise ordinary care not to injure a child of this age, and if he had any reason to anticipate that a child might be near his truck, it would be his duty to see that the way was clear before starting his truck. But there is nothing in this case to indicate that the driver had any reason to anticipate that a child might be in a position of danger. True, he knew that the parents had children on the farm, but he could hardly be expected to anticipate that a child of this age would be around the truck without being in charge of some one. Clearly, he did not anticipate such a situation, and we think the verdict of the jury finding him guilty of negligence cannot be sustained. It was a very unfortunate accident, but an accident wherein neither the driver of the truck nor the

father or mother can be held guilty of negligence. The boy, Sulu, was not of responsible age to be charged with negligence. No legal or moral responsibility is attached to any of the parties concerned.

*By the Court.*—The judgment of the circuit court is reversed, with directions to dismiss the complaint.