CULTON and wife, Respondents, vs. VAN BEEK and another, Appellants.

*December 1—December 30, 1949.*

218

For the appellants there was a brief by *Coe & Cameron* of Rice Lake, and oral argument by *William A. Cameron.*

For the respondents there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *E. E. Omernik.*

BROADFOOT, J. The law in this type of case is well established. In *Heikkila v. Standard Oil Co.* 193 Wis. 69, 71, 213 N. W. 652, it was stated as follows:

"The driver was bound to exercise ordinary care not to injure a child of this age, and if he had any reason to anticipate that a child might be near his truck, it would be his duty to see that the way was clear before starting his truck."

In *Patterson v. Edgerton Sand & Gravel Co.* 227 Wis. 11, 18, 277 N. W. 636, it was said:

" 'If Wescott knew or had good reason to believe that someone might get back of that truck after he took his last observation and before starting up, or if under all the circumstances he should have known or did know that someone might get back there then it was his duty to keep a close lookout, even to the point of its being necessary for him to get out of his truck, walk to the rear and find out.' "

In *Hartzheim v. Smith,* 238 Wis. 55, 60, 298 N. W. 196, the following instruction was approved:

" 'The backing of any vehicle entails more or less limitation of the view of the driver of the area to be traversed, and thus requires a vigilant lookout on the driver's part to avoid causing injury to persons who are known to be or likely to be in the vicinity of the car that is being backed up.

" 'Now the defendant, Lois Smith, was chargeable with knowledge of the traits of a child of Barbara Jane Hartzheim's age, which would require increased vigilance as to lookout on her part if she knew, or in the exercise of ordinary care ought to have known, that Barbara Jane Hartzheim either was or was likely to be to the rear of the car.' "

In this case the jury could well find from the evidence that Janice Culton was a very active child for her age; that she could quickly go from the kitchen to the rear of the station wagon; that she was accustomed to play in the yard with the other children and that in going from the kitchen to where the other children were she might well pass in the rear of the station wagon; that defendant had knowledge of these facts and of the traits of children of her age; that Van Beek consumed more than thirty seconds in walking to the vehicle, making his observation as to the position of the children in the yard, getting into the driver's seat, attempting to start the motor, visiting with his wife who

walked from the well to the left side of the vehicle, starting the motor, and looking into the rear-view mirror before backing up. Sufficient time did elapse to permit the child to walk from the kitchen to her position behind the car. They could consider the fact that he looked into the rear-view mirror before starting as evidence that he had some reason to believe one or more of the children had time to move from a former position. Although near the porch he did not see the child cross and step from the porch. He did not ask his wife to make an observation, but relied upon his view in the rear-view mirror, which would not disclose a child the size of Janice standing behind the station wagon.

The case is not without difficulty, but we conclude that a jury issue was presented, and that there is sufficient evidence to support their finding.

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.