POLSFUSS, Appellant, vs. PRICE and another, Respondents.

*January 11—February 7, 1956.*

100

For the appellant there were briefs by *William E. McEwen* of River Falls, attorney, and *Doar & Knowles* of New Richmond of counsel, and oral argument by *Mr. John Doar* and *Mr. McEwen.*

For the respondents there was a brief by *Frank L. Morrow* of Eau Claire, and *Davison & White* of River Falls, and oral argument by *Mr. Morrow.*

STEINLE, J. On March 17, 1951, at about 10:30 p. m., the plaintiff, Ferdinand Polsfuss, went to the Green Lantern tavern in River Falls, which was operated by the defendant, Stanley H. Price, and there visited with some of the other patrons until the tavern closed at midnight. Rosanne Polsfuss, wife of the plaintiff, was working at the tavern as a waitress at the time. Those with whom Polsfuss visited were: Robert C. Braim and Lorraine Braim, his wife, and Mrs. Mary Jasperson, all of Minneapolis and friends of his wife, and also George Engel and Eleanor Engel, his wife. While at the tavern Polsfuss had "two or three whiskeys and Seven-Ups." The defendant Stanley H. Price and his wife, Bernetta, were also at the tavern during the time that Polsfuss was there. At closing time the parties mentioned above decided to go to Florian's Inn, a restaurant at the edge of River Falls, to eat. There were two cars in the party, one driven by Stanley H. Price and the other by Robert C.

Braim. The Price car was a 1949 four-door Pontiac sedan. It preceded the Braim car en route from the Green Lantern tavern to Florian's Inn. In the front seat of the Price car, Mrs. Price sat next to her husband, the driver, and Mrs. Polsfuss sat to the right of Mrs. Price. In the rear seat Mrs. Engel sat behind Price, Mr. Engel sat behind Mrs. Price, and the plaintiff Ferdinand Polsfuss sat behind his wife. Braim drove his own car and Mrs. Braim and Mrs. Jasperson were the other occupants of it. A severe snowstorm was in progress and there was about seven inches of freshly fallen snow on the ground. Notwithstanding the storm, the road conditions were not bad. The windows of the Price car were covered with snow or frost, but the windshield wipers worked efficiently and the driver's visibility ahead was satisfactory. Polsfuss testified at the trial that Price encountered no difficulty in driving out toward the restaurant and that he drove his car properly up to the time that he came to the stop in question. Price had not indulged in any alcoholic beverages on that night.

Highway 29 in the immediate vicinity of Florian's Inn extends in a north and south direction. When approaching the driveway at Florian's Inn, Price was proceeding in a southerly direction on the highway. The driveway runs in an easterly direction from the highway to the inn. For the reason that an automobile was stopped in the driveway and appeared to be stuck, Price stopped his car. Price and his wife testified that he stopped while facing south on the west half of the highway before turning left into the driveway, and that he did not stop when once on the driveway until he came to the inn. All of the other occupants of the Price and the Braim cars testified that Price stopped his car on the driveway after making the turn. The main doorway of the inn is 50 or 60 feet from the highway. The highway is 66 feet wide. Polsfuss maintains that when the Price car stopped, Price remarked that he wondered as to what was the matter

with the car ahead that was stopped in the driveway. Polsfuss testified that he (Polsfuss) then said: "He is stuck. Just a minute. I will get out and give him a hand," and that Polsfuss immediately opened the right rear door and stepped out, and that while doing so, and without any warning, the car backed up about two or three feet with a jerk. The door struck his chest and knocked him down. He was wearing a storm coat, and an edge of the door hooked into his storm coat. His ankle was injured resulting in partial stiffness. Price drove on toward the restaurant building and parked.

At the trial, Price and his wife testified that Price did not back the car. The other occupants of the cars testified that Price's car had backed up. The jury found that Price had backed the car. Price and his wife also testified that they were not aware of the fact that Polsfuss left the car. Polsfuss and his wife and Mrs. Engel testified that Polsfuss got out of the car.

The appellant contends *inter alia* that the court erred in failing to incorporate in the special verdict an inquiry with reference to the driver's negligence as to lookout; and also in failing to instruct the jury with respect to the driver's duty as to lookout immediately before and while backing the car.

The driver of an automobile must exercise ordinary care in backing his machine so as not to injure others by the operation, and this duty requires that he adopt sufficient means to ascertain whether others are in the vicinity who may be injured. 3–4 Huddy, Cyc. Automobile Law (9th ed.), pp. 219, 220, sec. 133. See also 2 Berry, Automobiles (7th ed.), pp. 326, 327, sec. 2.326.

The duty of due care in backing requires the maintenance of an adequate lookout either independently of or additionally or alternatively to signaling, entailing in many situations the adoption of sufficient means to ascertain whether others are in the vicinity who may be injured. Ordinarily, this duty

of looking backward is to be performed by the motorist not only before he begins the operation of backing, but also while he is in the act of backing. 2 Blashfield, Cyc. Automobile Law and Practice (perm. ed.), pp. 419, 420, sec. 1102.

The backing of any vehicle entails more or less limitation of view by the driver of the area to be traversed, and thus requires corresponding vigilance on his part to avoid causing injury to persons who are known to be, or likely to be, there, whether the vehicle is backed on a public street or on private land. *Minsk v. Pitaro* (1933), 284 Mass. 109, 187 N. E. 224. See also *Lacaria v. Hetzel* (1953), 373 Pa. 309, 96 Atl. (2d) 132.

In *Patterson v. Edgerton Sand & Gravel Co.* (1938), 227 Wis. 11, 18, 277 N. W. 636, this court said:

"But furthermore, in so far as the private character of the premises was involved herein, the jury was rightly and sufficiently instructed that 'the questions of negligence as applied to Wescott, the driver, are not covered by the law of the road or the rules applying to a public highway; but his actions are to be tested according to the ordinary standards of prudence and care which persons ordinarily exercise when driving a truck or anything of the kind upon private grounds.' That instruction was applicable and ample in respect to the questions submitted to the jury as to negligence on the part of Wescott in failing to keep a proper lookout, and in failing to give a proper signal of his intention to back the truck."

In *Brunette v. Bierke* (1955), 271 Wis. 190, 198, 72 N. W. (2d) 702, it was said:

"It may be conceded that backing from private property demands a high degree of skill and caution as plaintiff contends. The trial court apparently was of that view, for the jury were instructed that ordinary care on the part of the backing operator requires a vigilant lookout to the rear."

In the case at bar the respondent driver insists that he was unaware of the attempt of the guest to alight. He also

maintains that his car did not back up. The jury, however, by its verdict determined that he had backed the car, and all of the witnesses who testified as to the car's backing stated that it did so with a jerk.

Counsel for Polsfuss had requested the inclusion of a question in the special verdict inquiring as to the negligence of Price "both as to backing the automobile and as to lookout." The court declined to submit an inquiry with respect to lookout. An instruction with reference to lookout was also requested. The jury, however, was not instructed as to lookout. We are of the opinion that in circumstances as here, appropriate questions ought to have been included in the special verdict relating to negligence of the defendant with respect to lookout as well as to backing. Since the jury had determined that Price had backed the car, Polsfuss, under his pleadings and the evidence, was entitled to a finding as to whether or not Price was negligent with respect to having made a proper observation before the backing operation commenced and while the car was being backed. The failure of the court to have submitted a proper inquiry as to lookout constituted reversible error. The appellant is entitled to a new trial. Since a new trial must be had, we deem it unnecessary to determine other assignments of error raised upon the appeal.

*By the Court.*—Judgment reversed, and cause remanded for a new trial consistent with the opinion herein.