GRUBE and wife, Appellants, v. MOTHS and another, d/b/a CAL & BOB'S ASPHALT SERVICE, and another, Respondents.

*No. 225. Argued October 31, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 261.)

For the appellants there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

For the respondents there was a brief by *Kivett and Kasdorf,* attorneys, and *James P. Reardon* of counsel, all of Milwaukee, and oral argument by *Mr. Reardon* and *Durant Stewart Abernethy* of Milwaukee.

CONNOR T. HANSEN, J. The following issues are presented on this appeal:

1. Did defendants violate secs. 346.88 (3) (c) and 347.40, Stats., that require all trucks with obstructed vision to the rear to have a rear-view mirror, and is violation of these statutes negligence as a matter of law?

2. Did the trial court err in its instructions as to lookout?

3. Should the issue of an alternate route have been submitted to the jury in regard to Moths' negligence?

4. Does the evidence support a jury question as to the negligence of Moths in the manner of management and control of his vehicle?

5. Is a bicycle with a wheel diameter of 20 inches a "toy vehicle" within the meaning of sec. 346.78, Stats.?

6. Should the trial court have instructed the jury that Moths' violation of sec. 346.52 (1) (b), Stats., stopping on a crosswalk, constituted negligence as a matter of law?

*Rear-view mirror.*

Plaintiffs contend the trial court erred in not finding the defendant Moths negligent as a matter of law in reference to lookout, in that he was operating a vehicle which was not equipped with a rear-view mirror as required by secs. 346.88 (3) (c) and 347.40, Stats. Plaintiffs further argue that the trial court erred in its instructions to the jury, in that, although the court instructed the jury as to the requirements of these statutes, such instruction was incomplete because no further instruction was given to the effect that violation of the safety statutes constitute negligence per se.

Secs. 346.88 (3) (c) and 347.40, Stats., require that no vehicle shall be driven upon a highway so loaded, or with any object so placed in or upon the vehicle as to obstruct the driver's clear vision through the rear window, unless such vehicle is equipped with an outside rear-view mirror so located as to reflect to the driver a view of the roadway for a distance of 200 feet to the rear of such a vehicle.

Under the facts of this case, as in *Czarnetzky v. Booth* (1933), 210 Wis. 536, 246 N. W. 574, a rear-view mirror would not disclose the presence of any one so close to the

rear of the truck as Randall and could not be considered a casual factor in plaintiff's injury.

The undisputed evidence indicates that the truck Moths was driving had two rear-view mirrors that provided a clear view to the rear of the truck but for a blind spot of some 20 feet immediately behind the truck. This evidence indicates no violation of these safety statutes. Sec. 346.88 (3) (c), Stats., envisions vehicles where the driver's view to the rear may be obstructed, but requires that such a risk be alleviated, in part, by the addition of operatable rear-view mirrors. Under these circumstances, a blind spot of some dimension, depending upon the size of the vehicle, will always exist. Defendants' truck met the requirements of secs. 346.88 (3) (c) and 347.40. Therefore, defendants are not negligent in this regard.

The jury was, nevertheless, instructed as to these statutes, and, in addition, the trial court instructed that:

"You are further instructed that a violation of any of the requirements of this safety statute would be considered negligence."

The trial court gave proper consideration to this issue.

## Lookout.

Plaintiffs also contend the trial court committed error in its instruction to the jury on the issue of lookout. After examining the record, including the instructions given by the trial court, we conclude that the trial court did not err. The instructions went to all the standards of care required of the defendant, Moths, and evidence supports the findings of the jury. Moths discharged his duty of care, and the instructions covered all aspects of his responsibility.

A general statement of the standard of care is found in 57 Am. Jur. 2d, *Negligence,* p. 403, sec. 54:

". . . One cannot be held responsible on the theory of negligence for an injury from an act or omission on his part unless it appears that he had knowledge or reasonably was chargeable with knowledge that the act or omission involved danger to another. Concisely stated, negligence presupposes a duty of taking care, and this in turn presupposes knowledge or its equivalent."

Defendant, Moths, must have had some reason to anticipate the presence of a person within the blind spot to the rear of the truck before a duty to actually get out of the truck and investigate arose. *Osborne v. Montgomery* (1931), 203 Wis. 223, 234 N. W. 372. In the instant case, defendant, Moths, had driven 264 feet on Birch Drive, during which time he made observations to the rear of the truck and saw no one. He turned onto Birch Court, stopped a matter of seconds, checked both pedestrian and vehicular traffic, saw no one and continued to make his turn. The jury was instructed as to knowledge of habits, traits and tendencies known to exist in the inexperience and immaturity of children and the duty of care required under circumstances such as are present in the instant case.

Plaintiffs cite *Polsfuss v. Price* (1956), 272 Wis. 99, 74 N. W. 2d 612; *Culton v. Van Beek* (1949), 256 Wis. 217, 40 N. W. 2d 374; and *Patterson v. Edgerton Sand & Gravel Co.* (1938), 227 Wis. 11, 277 N. W. 636, as cases similar to the instant case, in which this court found that the actor had reason to know of the presence of persons in the blind spot behind their vehicles. These cases are of little help in the determination of the instant case. In all of these cases, the accident occurred on private land and the vehicle had been still in the same area for some time, allowing someone sufficient time in which to enter the area of risk.[1] In the instant case, the accident occurred

---

[1] *Polsfuss, supra,* car in driveway of a restaurant; *Culton, supra,* car in farmyard; *Patterson, supra,* dump truck in an active gravel pit. For a case holding no reason to anticipate probable harm

on the public highway immediately after defendant had arrived at the site.

The duty to use due care arises from probabilities, rather than from bare possibilities of injury. Failure to guard against the bare possibility of injury is not actionable negligence. *Olsen v. Milwaukee Waste Paper Co.* (1967), 36 Wis. 2d 1, 153 N. W. 2d 45; *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 139 N. W. 2d 116; *Lee v. Milwaukee Gas Light Co.* (1963), 20 Wis. 2d 333, 122 N. W. 2d 374.

Under the circumstances of this case, it would appear that the defendant had no reason to anticipate that Randall was, or was likely to be, to the rear of his truck as he proceeded to complete his "Y" turn. The presence of Randall was a mere possibility from which arose no duty to get out of the truck and investigate.

*Alternate route.*

At trial, the plaintiffs offered testimony that tended to prove Moths had an alternate route available. Plaintiffs attempted to give proof to show that it would have been safer for Moths to continue straight into the Birch Court cul-de-sac and complete his turn instead of attempting a "Y" turn. It is plaintiffs' contention that had Moths chosen the alternate route the accident would not have occurred. The trial court struck all evidence pertaining to an alternate route and instructed the jury that they were not to consider the presence of any alternate route. Plaintiffs argue the trial court erred in failing to submit this issue to the jury.

The law does not require a choice unerring in the light of after events; it requires such a choice as, under all

under similar circumstances, *see Heikkila v. Standard Oil Co.* (1927), 193 Wis. 69, 213 N. W. 652. *See also:* Annot. (1959), 63 A. L. R. 2d 5.

the known or obvious circumstances, a reasonably prudent man might make.[2] Generally, one is negligent in selecting the more dangerous route only when he knows or should know it to be unsafe.[3] It is stated in 65A C. J. S., *Negligence,* pp. 75, 77, sec. 122, that:

". . . In order that one may be guilty of contributory negligence in selecting the hazardous course, it must appear that he knew and appreciated, or in the exercise of ordinary care should have known and appreciated, that the course chosen was not unlikely to result in his injury."

Fundamental to a finding of negligence in the choice of an alternate route is the fact that a person knew, or in the exercise of ordinary care should have known, the dangers of the route chosen. The facts of this case do not present a situation permitting the application of the alternate-course rule. The trial court committed no error in rejecting plaintiffs' offer of testimony as to the availability of an alternate route, and in not submitting the issue to the jury.

### Management and control.

It would have been improper for the trial court to give an instruction on management and control in the instant case. Moths. testified that he did not see Randall. That being true, it makes it impossible for the driver to so manage and control his vehicle so as to avoid the accident. *Bentzler v. Braun* (1967), 34 Wis. 2d 362, 149 N. W. 2d 626; *Burkhalter v. Hartford Accident & Indemnity Ins.*

---

[2] 57 Am. Jur. 2d, *Negligence,* p. 746, sec. 344, *Choice of Method or Course;* 65A C. J. S., *Negligence,* p. 75, sec. 122.

[3] *Klein v. Montgomery Ward & Co.* (1953), 263 Wis. 317, 57 N. W. 2d 188; *Lindloff v. Duecker* (1933), 217 Iowa 326, 251 N. W. 698; *Huyink v. Hart Publications, Inc.* (1942), 212 Minn. 87, 2 N. W. 2d 552; *Hedglin v. Church of St. Paul of Sauk Centre* (1968), 280 Minn. 119, 158 N. W. 2d 269.

*Co.* (1955), 268 Wis. 385, 68 N. W. 2d 2, 68 N. W. 2d 732. All of the evidence indicates that Moths never saw Randall prior to the accident. His negligence, if any, consists of failure to maintain lookout, and not management and control. *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 512, 80 N. W. 2d 380.

In view of the uncontroverted evidence as to lookout, the trial court properly declined to submit management and control instructions.

### *Toy vehicle.*

It is undisputed that the bicycle operated by Randall had a wheel diameter of 20 inches. Sec. 340.01 (5), Stats., defines bicycle as "every device propelled by the feet acting upon pedals and having wheels any 2 of which are *more than 20 inches in diameter, . . .*" (Emphasis added.)

Our attention is directed to language of this court used in *Bey v. Transport Indemnity Co.* (1964), 23 Wis. 2d 182, 191, 127 N. W. 2d 251, wherein, after citing sec. 340.01 (5), Stats.,[4] it is stated:

". . . Children riding toy bicycles (bicycles with a wheel diameter less than 20 inches) on the sidewalk, are persons within the protection of the statute." [5]

As applicable to the facts in *Bey v. Transport Indemnity Co., supra,* the above-quoted language is not erroneous, but rather it is incomplete. As defined by secs. 340.01 (5) and 346.78, Stats., "toy vehicles" include bicycles with a wheel diameter of 20 inches or less.

The trial court's instruction relating to the application of secs. 340.01 (5), 346.77, and 346.78, Stats., were correct.

[4] *Bey, supra,* footnote 6, page 191.
[5] Sec. 346.47 (1), Stats.

*Crosswalk.*

Sec. 346.52, Stats., prohibits any person from stopping a vehicle, even temporarily, on a crosswalk.[6] The evidence indicates that defendants' truck was stopped on the crosswalk for a short time. Plaintiffs assign as error the trial court's failure to instruct the jury that by violating this statute, Moths was negligent as a matter of law.

This court has frequently held violations of safety statutes as negligence per se.[7] However, this court has not adopted, as the standard of conduct of a reasonable man, the requirements of a legislative enactment where the purpose of the statute is to protect a class of persons other than the party seeking to invoke its protection.[8] In *Schroeder v. Northern States Power Co.* (1970), 46 Wis. 2d 637, 646, 176 N. W. 2d 336, this court stated:·

"While this court has frequently found that the violation of a safety ordinance is negligence per se, we have consistently avoided a broad construction of these statutes and have declined to extend the legislative ambit of protection afforded by them unless the legislature's intention so to do was clear. The question which a court must decide, even when it is clear the ordinance is a safety ordinance, is whether the purpose of the ordinance was to protect the party seeking to invoke it, *i.e.*, was he within the class of persons that the legislature plainly intended to protect."

---

[6] "346.52 **Stopping prohibited in certain specified places.** (1) No person shall stop or leave standing any vehicle, whether attended or unattended and whether temporarily or otherwise, in any of the following places:

". . .

"(b) On a crosswalk;"

[7] *Kamp v. Curtis* (1970), 46 Wis. 2d 423, 175 N. W. 2d 267; *Burke v. Poeschl Brothers, Inc.* (1968), 38 Wis. 2d 225, 156 N. W. 2d 378; *Blanchard, infra; Meihost v. Meihost, supra.*

[8] *Schicker v. Leick* (1968), 40 Wis. 2d 295, 162 N. W. 2d 66. *See also:* Restatement, 2 *Torts* 2d, p. 25, sec. 286.

This court has frequently stated that statutes are not to be extended so as to impose any duty beyond that imposed by the common law unless such statute clearly and beyond any reasonable doubt expresses such a purpose by language that is clear, unambiguous, and peremptory. *Burke v. Milwaukee & Suburban Transport Corp.* (1968), 39 Wis. 2d 682, 690, 159 N. W. 2d 700; *Delaney v. Supreme Investment Co.* (1947), 251 Wis. 374, 380, 29 N. W. 2d 754.

The undisputed evidence in the instant case establishes that Randall followed the defendants' truck down Birch Drive and onto Birch Court. Randall was not attempting to "use" the crosswalk for the purpose for which it was designed. In *Blanchard v. Terpstra* (1967), 37 Wis. 2d 292, 297, 155 N. W. 2d 156, this court held that sec. 346.52 (1) (d), Stats.,[9] was enacted for the protection and convenience of pedestrians on the sidewalk. Sec. 346.52 (1) (b) was enacted for the protection and convenience of pedestrians seeking to cross a roadway. Randall was not a member of the class of persons that sec. 346.52 (1) (b) protects. Although Moths violated the statute, such a violation in reference to Randall and the plaintiffs was not negligence per se, and the instruction was properly refused.

*By the Court.*—Judgment affirmed.

[9] "346.52 **Stopping prohibited in certain specified places.** (1) No person shall stop or leave standing any vehicle, whether attended or unattended and whether temporarily or otherwise, in any of the following places:

". . .

"(d) On a sidewalk or sidewalk area, except when parking in such place is clearly indicated by official traffic signs or markers or parking meters;"