ROY E. HAYS, Executive Secretary Real Estate Examining Board
You have requested my opinion regarding names under which you may issue initial or renewal licenses to married women real estate brokers. Specifically, you ask whether the board should issue or renew licenses in the applicant's birth-given ("maiden") surname or her husband's surname where the applicant has never used her husband's name; has used her husband's name; or is changing from or to use of her husband's surname.
For reasons I will discuss in more detail below, there is nothing distinctive about the sex or marital status or the license applicant in the situations you pose. Although I will respond directly to your question, I will also discuss applicable law and procedures your Board should follow with regard to: license applications of married female applicants who use any
surname different from their husbands'; initial and renewal applications of persons who use one name for *Page 22 
professional purposes and another for other purposes; and persons who are changing their names, other than through marriage or divorce, from the names in which they were licensed by your Board.
1. In what name should the Board issue an initial or renewal license to a married female applicant who has not used her husband's surname? Nothing in the statutes or common law authorizes the Board to require a woman applicant to be licensed in any name other than that which she consistently uses as her own name. Her use of a surname other than her husband's is not relevant to your licensing procedures, whether the name be her birth-given name, that of an adoptive parent, a previous husband, or some other surname. See Matter of Natale, Mo. 1975, 527 S.W.2d 402.
I find nothing in ch. 452, Stats., the Real Estate Examining Board Code, specifying or even referring to names to be used by new applicants. Section 296.36, the general name change statute, does not become relevant unless the person has already been licensed by your Board and is changing his or her name. This is not the case in your first fact situation.
An examination of sec. 452.05 (license applications, contents) indicates that your only concerns in evaluating a license application are: 1) identification of the licensee and determination of the scope and location of the licensee's business; and 2) determination of the "trustworthiness and competency" of each applicant. Section 452.10, license revocations, is perhaps beyond the scope of your questions, although subsec. (1)(a) permits revocation for "a material misstatement in the application for such license." The use of a particular name or names by an applicant could hardly be a "material misstatement" unless it served to thwart the purposes of identification, integrity and competence. The specific name given by the applicant is immaterial, so long as you and the public can identify the licensee readily through consistent use of the name for business and professional purposes.
The common law principles applied to names likewise do not dictate that a married woman applicant use the same surname as her husband, or that she use any particular surname other than that of her choice. The general rule at common law, adopted by Wis. Const. art. XIV, sec. 13, is that in the absence or a statute to the contrary, all persons, including married and divorced women, can adopt whatever name they please as their "legal" name if for an honest purpose. They *Page 23 
can change that name at will, gaining a new name by reputation. See 63 OAG 501 (1974) and other Attorney General opinions cited therein; Kruzel v. Podell, 67 Wis.2d 138, 151, 226 N.W.2d 458,67 A.L.R. 3d 1249 (1975); Stuart v. Bd. of Supervisors of Elections,295 A.2d 223, 226 (Md. 1972); MacDougall, "Married Women's Common Law Right to Their Own Surnames," 1 Womens Rights Law Reporter 2, 4 (1972) regarding the common law generally; and "Women's Name Rights," 59 Marq. L. R. 876, at 878 and 882 (Winter 1976).
A person's "true" or "legal" name is the name by which she is known, and which the person uses with no intent to defraud or inflict pecuniary loss. See 34 OAG 72, 73 (1945): and "Women's Name Rights," supra, 59 Marq. L. R. at 882.
The common law of names has been adopted (Wis. Const. art. XIV,supra) and remains in force in Wisconsin except where clearly abrogated by statute. See Kruzel, supra, 67 Wis.2d at 157; 63 OAG at 502; 35 OAG 178 (1946); 20 OAG 627 (1931); MacDougall, "Women's Names in Wisconsin," 48 Wis. Bar Bulletin #4, pp. 30, 31 (Aug. 1975) and citations therein.
In your first question, where no change of name is involved, the Legislature has not abrogated a woman's common law right to be known by whatever name she wishes when she applies for an initial or renewal broker's license. The Kruzel case confirms that a woman's surname does not change to that of her husband at marriage unless she chooses to adopt his name by consistent usage. 67 Wis.2d at 152.
2. In what name should the Board license a married woman applicant who "has used" her husband's surname? The answer to this question depends on whether you are referring to: a) a woman who was licensed under one name, and then married and assumed her husband's name; b) a woman who has used her husband's surname in all of her dealings with the Board; or c) a woman who has used or uses her husband's surname for some purposes, but uses her birth-given or other surname for all business and professional purposes.
If the applicant married and assumed her husband's surname, after being licensed under a different name, you should renew her license in her "married" name if she so requests. Although she has changed her name, sec. 296.36 specifically exempts from its requirements any name change by marriage or divorce. *Page 24 
If the applicant has consistently used her husband's surname for all purposes, including her contacts with your Board, issue or renew her license in that name. Her husband's surname has become her legal name by her habitual use of it.
I assume your question was directed toward the applicant who has used or uses her husband's name for some purposes, usually social, but wishes to use a different name for business and professional purposes. The use of a second name — whether called "assumed," "fictitious," "professional," "stage," or "married" — is not unique to women. See for example In reMerolevitz, 70 N.E.2d 249 (Mass. 1946), in which a petitioner whom birth and school records identified as "Israel Merolevitz" had been known to his friends, business associates, and the public for 15 years as "Irving Merrill."
Under common law, a person may use more than one name and may enter a contract or conduct business under any name she wishes, so long as no fraud is involved. See Coke, Litt. 3 (a), cited at fn. 11, MacDougall, supra, 48 Wis. Bar Bull. #4; Dunn v. Palermo,522 S.W.2d 679 at 689 (Tenn. 1975); and In re Petition ofHauptly, 312 N.E.2d 857 (Ind. 1974). "The law is chiefly concerned with the identity of the individual, and when that is ascertained and clearly established, the act will be binding on him and on others." 57 Am. Jur. 2d, Names sec. 22, pp. 289, 290, quoted in In re Mohlman, 216 S.E.2d 147 (NC 1975). Use of a second or "assumed" name is recognized, for example, in sec.403.401 (2), Stats.: "A signature is made by use of any name, including any trade or assumed name, upon an instrument, . . ." and in sec. 403.203, Stats.
The Wisconsin Supreme Court early held that a married woman could validly execute business documents in her birth-given name, even though she was generally known by her husband's surname.Lane v. Duchac, 73 Wis. 646, 41 N.W. 962 (1889). The majority inKruzel, supra, recently reiterated with approval the Lane court's holding that "we are aware of no law that will invalidate obligations and conveyances executed by and to her in her baptismal name, if she choose to give or take them in that form. Hence, were she the owner of the note and mortgage in suit, it would be no defense to her action upon them that they were executed to her by her baptismal name." Lane, 73 Wis. at 654, quoted in Kruzel at 67 Wis.2d 147.
The Wisconsin Legislature appears to have limited this common law right to use more than one name, by implying that licensed *Page 25 
professionals may practice under only one name, and by regulating name changes in some cases. However, sec. 296.36, Stats., does not purport to prescribe the name to be used by a licensed professional in all of his or her legal and social relationships.
The history of sec. 296.36 demonstrates a strong legislative concern with the consistency and ease of identification of professionals, and with prevention of injury to the public and the profession from fraudulent changes of name. Chapter 372, sec. 5, Laws of 1943, absolutely prohibited any change from the name in which a professional was originally licensed, except for change by marriage. Chapter 13, Laws of 1945, modified that prohibition to instances in which the licensing board finds that the name change, not occurring at marriage or divorce, operates to compete unfairly, mislead the public, or otherwise damage the public or the profession.
This concern with consistent, prompt, nonfraudulent identification would be difficult to protect if professionals could practice simultaneously under different names. Statutes and regulations concerning name changes, such as Wis. Adm. Code section REB 2.03 (4)(b), all refer to the "name," singular, which the licensee uses or wishes to use. I am therefore not advising you that any applicant, male or female, may be licensed simultaneously under more than one name.
This does not mean that you may refuse to license an applicant, who is known for some nonprofessional purposes by a name other than that proposed for the license, solely because he or she uses a different name for nonprofessional acts. You may require some reasonable evidence that the applicant is known by his or her licensed name, or proposes to use that name habitually and consistently for all professional acts. However, since sec. 296.36 is being read in this instance as a statute in derogation of the common law right to "assume" a second name, I decline to extend the law beyond its express application to professional acts. See Grube v. Moths, 56 Wis.2d 424, 437, 202 N.W.2d 261
(1972).
If you wish, you may note in your records the name by which the applicant is known for some nonprofessional purposes. Such a cross-reference may be useful in the rare instance when a broker's nonprofessional acts have some bearing on his or her integrity or competence as a broker. *Page 26 
3. What procedures should the Board follow with applicants who are changing their names? If the applicant has changed his or her name before applying for the initial license, no special procedures are required. If the change is being made after licensing, in most cases you may merely conduct an informal review of the change.
Section 296.36, Stats., does not come into play if the person has effected the name change before applying for a license. In such a situation, your proper interest in the trustworthiness and competence of the applicant permits you to require the applicant to list any prior names under which he or she has been known; whether the applicant has held another license under such prior name; and whether the applicant has incurred revocation or other sanctions under such name.
If the applicant has recently effected a common law rather than a judicial change of name, he or she may not yet be generally known by the new name. Under such circumstances, you may require reasonable proof of intent to use the new name consistently, such as a new social security registration and driver's license.
As mentioned earlier, the sex and marital status of the applicant should not impose any special burdens in the application process. Under the guidelines stated by the Kruzel
court for future judicial name changes (67 Wis.2d at 153), the common law should be permitted to operate unless evidence is put forward to show that some fraud or deception was intended by the name change.
The common law does not control if the applicant is already licensed under a former name, and the new name is not being assumed because of marriage or divorce. The wording of sec. 296.36 does not specify whether you are to hold a hearing on every licensee's "non-marital" name change, or only when an appropriate person objects to the change. Since sec. 296.36 restricts the professional's common law right to assume a nonfraudulent new name at will, the section must be construed strictly. See Grube v. Moths, supra, 56 Wis.2d at 437.
Applying the foregoing principles. I decline to extend sec. 296.36 beyond its express terms, and believe that you need not hold a hearing concerning the name change of a licensed broker unless and until a person with some reasonable "stake" in the matter objects. *Page 27 
You may require reasonable reporting of name changes. Some boards use a simple form which I can furnish to you. You may determine the extent and nature of notice to be given regarding the change. Some of the licensing boards which my office advises have merely checked their records for the locality in which the licensee practices in order to determine possible confusion or unfair competition. If you periodically send general mailings to all of your licensees, you might routinely include a list of name changes.
The name change should be presumed valid until found, after hearing, to be unfair competition, misleading, or otherwise detrimental to the profession or the public.
My interpretation of sec. 296.36 differs from that of my predecessor in 1946, who stated in dicta that sec. 296.36 was not an exclusive statutory method for effecting a name change "except as regards persons licensed, as enumerated above, to practice a profession." 35 OAG 178 at 180. That opinion, concerning student name changes, correctly states that a person has an inherent right to change his or her name "in the absence of a provision making the statutory method exclusive," and that the legislature may prohibit name changes under certain circumstances. 35 OAG at 179. However, nothing in sec. 296.36 requires professionals to go to court for a name change, any more than a nonprofessional must go to court. As stated in Kruzel v. Podell, supra, at p. 151, "The licensing laws recognize that a licensed person may change either his given name or his surname to one other than that under which he was originally licensed unless the changed name operates to compete unfairly with another practitioner or misleads the public to its detriment or the detriment of a profession." Kruzel
thus makes it clear that the last sentence of 35 OAG 178 is overly broad.
I am aware that the dissent in Kruzel, supra, at pp. 154-161, suggests that the majority opinion requires a woman to make one, irrevocable choice of a name at marriage. "It ends the right of a married woman . . . to use either her married name, or her maiden name, or both." Kruzel dissent, 67 Wis.2d at 157.1 assume this may be why you have limited your inquiry to married female applicants, rather than all applicants changing names or using two names. I can find nothing in the Kruzel majority, Wisconsin statutes, or any other reported case, which imposes an irrevocable choice of a surname upon any person at marriage. TheKruzel majority correctly reflected *Page 28 
the nature of a common-law name change, in which one acquires a new name by reputation, by referring to "habitual" or "consistent" use of a husband's surname. A woman's acquaintances will not think of her under her new "married" name unless she "habitually" identifies herself to them by that name. However, to read "habitual" and "consistent" as meaning "perpetual" and "exclusive" is to go farther beyond the common law and the Kruzel
holding than I am willing to venture. Accord, see "Women's Name Rights," supra, 59 Marq. L. R. at 876, and MacDougall, supra, 48 Wis. Bar Bull. at 31.
In conclusion, you may follow a relatively simple procedure in handling the cases of licensee name changes which are actually subject to sec. 296.36. As to new license applicants, the Board need only consider whether it has sufficient information to identify the licensee readily and consistently by the name given, and whether information bearing on the applicant's use of another name pertains in any manner to the person's integrity or competence as a real estate broker.
BCL:MVB