## DORSCHEL ет al. *v.* TZOMIDES

[No. 6, September Term, 1957.]

*Decided October 17, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Robert S. Rody,* with whom was *Julius G. Maurer* on the brief, for appellants.

*Phillips L. Goldsborough, III,* with whom were *Clark, Smith & Prendergast* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The principal question in this case is a familiar one—was there sufficient evidence of negligence on the part of the de-

fendant to warrant the submission of the plaintiffs' case to the jury. One plaintiff, Beverlee Ann Dorschel, an infant sixteen years old at the time of the accident, was a passenger in an automobile owned by her father, William E. Dorschel, the other plaintiff. The car was being driven by her mother at the time of the collision with the defendant's automobile. The daughter's claim is for personal injuries; her father's claim is for her hospital and medical expenses and for damage to his automobile. Mrs. Dorschel is not a party to the suit, and no question of contributory negligence, by imputation or otherwise, is presented. The defendant denies negligence on his own part. He also asserts that even if there were enough evidence tending to show negligence on his part, still Mrs. Dorschel's negligence, and not his, was the proximate cause of the accident.

There was evidence to show that:

1. At about 9:30 A. M. on a weekday morning in late June, the weather being clear and dry, the defendant, Tzomides, drove his car south on the Belair Road in Baltimore City and stopped at a point some 220 or 230 feet south of Echodale Avenue to let his wife get out to go shopping.

2. Just before Mrs. Tzomides got out of the defendant's car, Mrs. Dorschel drove her husband's car from Echodale Avenue into the Belair Road, turning south into the latter. She then saw the Tzomides car which was double parked in the second lane from the west curb of Belair Road. She saw a passenger (Mrs. Tzomides) get out of the car.

3. Mrs. Dorschel had her daughter, the infant plaintiff, and her two sons as passengers. She was taking them to a Bible School and was driving at a moderate speed, variously estimated at from 5 to 10 to as much as 15 to 20 miles an hour.

4. After Mrs. Tzomides alighted, the defendant's car moved forward a short distance and then "suddenly" reversed its direction and moved backwards towards the Dorschel car.

5. Mrs. Dorschel tried to avoid a collision by swerving to the left and putting on her brakes, but could not enter the street car tracks to her left because of the approach of a street car.

6. There was a parking space in front of 5204 Belair Road

which Mr. Tzomides had seen. He stated to a police officer that he had "pulled up into position to back into same."

There was no testimony whether the defendant did or did not give any signal of his intention to back his car. There was some conflict or confusion in Mrs. Dorschel's testimony as to whether she had stopped the car she was driving just before or at substantially the instant of impact. The testimony of Mrs. Dorschel as to the forward movement of the Tzomides car after discharging its passenger was confirmed by a barber who had a shop at 5202 Belair Road. He did not, however, continue to observe the Tzomides car and did not see any reverse motion of that car or the crash.

We are not concerned on this review with the relative weight of the evidence on either side of the case; but in testing the sufficiency of the evidence to warrant submission of the plaintiffs' claims to the jury, we must assume the truth of all evidence and of such inferences as may be properly deduced therefrom which tend to support the plaintiffs' rights to recover. *Waltzinger v. Birsner*, 212 Md. 107, 128 A. 2d 617.

The plaintiff contends that the testimony of Mrs. Dorschel on some points is so conflicting, vague and indefinite as to be unworthy of belief. We find some discrepancies, such as are likely to develop in the examination and cross-examination of almost any witness, but we do not find any basis for rejecting her testimony entirely. Cf. *Todd v. Ferrell*, 212 Md. 574, 130 A. 2d 581; *Olney v. Carmichael*, 202 Md. 226, 96 A. 2d 37.

The evidence above outlined (including the defendant's own statement to a police officer investigating the accident) and the inferences which may fairly be drawn therefrom were, in our view, a sufficient basis for submitting to the jury the question of whether or not the defendant was guilty of negligence which was a proximate cause of the collision which resulted in the plaintiffs' injuries and loss. The duty to maintain a careful lookout while backing into a parking place on a busy highway seems plain, and that the defendant failed to do so seems well within the range of fair inference from the testimony presented. Since the street in question is a busy one, the normal forward movement of traffic is to be anticipated;

and the Dorschel car must have been plainly visible to anyone attempting to back into the space which the defendant wished to occupy. See *Blashfield, Cyc. of Automobile Law and Practice* (Perm. Ed.) § 1103; 60 C. J. S. 710, *Motor Vehicles,* § 302; 5 *Am. Jur.,* 679-681, *Automobiles,* §§ 328-332; *Polsfuss v. Price,* 272 Wis. 99, 74 N. W. 2d 612. From these authorities it is clear that looking as well as signaling is required in connection with backing an automobile in traffic. Our Motor Vehicle Code (Code, 1951, Art. 66½, Sec. 192) requires the operator of a standing, stopped or parked vehicle to give an adequate hand signal to oncoming traffic before moving the vehicle and prohibits starting it *"until such movement can be made with reasonable safety."* (Italics supplied.) We have not found it necessary at this stage of the case to consider the matter of signaling, as to which the record is silent. The obligation to maintain a lookout is, however, recognized in the authorities to which we have referred and is implicit in the statute cited. We think that the duty to see that a backing maneuver into a parking space is reasonably safe is literally within the second branch of our statute, and that even if it were not, the danger of backing on a heavily traveled highway is too obvious to call for extended comment.

The defendant contends that even if he were negligent (which he denies), his negligence was not the proximate cause of the collision and that the fault was wholly Mrs. Dorschel's. We do not agree with this contention. If we assume (though we do not decide) that Mrs. Dorschel was negligent and that her negligence contributed to the happening of the collision, that does not mean that the defendant is necessarily excused from liability, for assuming negligence on Mrs. Dorschel's part, the evidence would not warrant a conclusion that her negligence was the sole cause of the accident and that the defendant's negligence did not contribute thereto. A contributing cause may be a proximate cause of an injury. *Armiger v. Baltimore Transit Co.,* 173 Md. 416, 196 A. 111; *Baltimore Transit Co. v. Bramble,* 175 Md. 334, 2 A. 2d 416.

Whether the defendant was guilty of negligence and whether his negligence caused or contributed to the happening of the accident are questions which, we think, should have

been submitted to the jury. Accordingly, the judgment must be reversed and the case remanded for a new trial.

> *Judgment reversed and case remanded for a new trial; the costs of this appeal to be paid by the appellee.*