Malone and another vs. Gerth.

MALONE and another, Respondents, vs. GERTH, Appellant.

*May 9 — June 23, 1898.*

(1) *Instructions to jury as to comments of counsel.* (2) *Attorneys: Liability for mistakes.*

1. A charge that the jury must pay no attention to comments on the part of counsel or of the court is *held* not a material error, where, in *immediate connection* therewith, the court charged that, in arriving at their verdict, the jury "must take in evidence all the evidence and only the evidence;" that in running over the evidence it was for them to say what weight should be given to the testimony of each witness; and that they were the judges of the candor and fairness of the witnesses, and the only judges as to the weight that should be given to the testimony of each of the parties.

2. If an attorney is fairly capacitated to discharge the duties ordinarily incumbent upon one of his profession, and acts with a proper degree of attention, and with reasonable care, and to the best of his skill and knowledge, he will not be responsible for an injury to his client from his errors or mistakes.

Malone and another vs. Gerth.

Appeal from a judgment of the county court of Dodge county: C. A. Christiansen, Judge. *Affirmed.*

Action in justice's court, in Dodge county, founded on an agreement by which the plaintiffs, as attorneys at law, were to foreclose a mortgage held by the defendant against John Vogt and wife, and for which plaintiffs were to receive $100, and costs, that were subsequently taxed at $82.20. It was claimed that the services so performed were reasonably worth the sum of $182.20, for which judgment was demanded, with interest from May 9, 1896.

By the answer as amended before trial in the county court, to which the case was appealed, the defendant alleged that the contract was that plaintiffs should do the work in question for $100, and that the defendant should have the taxable costs. By way of defense, it was set up, among other things, that the plaintiffs agreed to do the work in a diligent and professional manner, and had failed to comply with the terms of said contract through neglect and ignorance of their profession, by commencing the foreclosure action against the wrong parties, which neglect, etc., was not excusable, they being at said time attorneys admitted to practice, whereby the defendant sustained great damage in costs and the loss of interest on her mortgage of $4,500 for one year; that the mortgagor John Vogt shortly before died, in Fond du Lac county, leaving an estate therein to be probated, and that it was a part of the duty of plaintiffs to file a claim for this defendant against said estate for the purpose of collecting therefrom any deficiency that might arise and be owing to her from said John Vogt or his estate upon the sale of the mortgaged premises; that the estate of said Vogt was solvent, and the debts which were filed against the same were paid in full; that the plaintiffs, before the time therefor had expired, promised and agreed to file such claim of the defendant as a part of their duty in protecting her interest under said mortgage, but, neglecting

their duty as aforesaid, they failed to file such claim, and made a bid for the mortgaged premises upon the sale of $8,100, which was $100 more than any bid authorized to be made by them, and the amount due upon said judgment to this defendant at the time of the sale was $8,292; whereby the defendant was damaged in the sum of $292.

The defendant further alleged that, after the plaintiffs had obtained a judgment of foreclosure, the farm covered by said mortgage was vacated and left unoccupied, and that the plaintiffs, acting through *John G. Bachhuber*, one of said plaintiffs, promised defendant that if the farm was vacated he would get somebody to do the plowing upon it, and that the defendant relied upon said *Bachhuber* doing so, but, although said farm was vacated, plaintiffs failed and neglected to have any one do the plowing or any part thereof, and none was done upon the place until it was sold, May 9, 1896, when *Bachhuber* bid in the place in the name of the defendant, though the plowing was left undone, whereby the defendant was damaged in the sum of $500; that said plaintiffs undertook to find a purchaser for said farm, and that numerous parties who desired said farm, or to buy said judgment of foreclosure thereon, saw the plaintiffs, and offered the sum of $8,000 therefor, but they neglected their duty to the defendant in the premises, and wrote to her saying that they could get for the claim of the defendant clear $7,500, or possibly $7,600, and advised her to accept said offer as being the highest they could get for it, when in truth and in fact they had been offered $8,000 therefor, whereby the defendant suffered other damages in the sum of $200; that plaintiffs claimed to have employed one T. J. Hoey to act as guardian *ad litem* for certain minor defendants in the foreclosure action, and agreed he should be paid $25 for such services; that the said Hoey sued the defendant for his fees, and, relying upon the advice of the plaintiffs and her own attorneys, she defended the action, and it was finally settled, and she

paid on account of the same $50 to him and for expenses in said case, by reason of which she had been damaged in the sum of $50. The defendant demanded the dismissal of the complaint, and that she recover the damages as above stated.

These several matters were put in issue, and the case came on to be tried before the court and jury. It appeared, in brief, that the plaintiffs, attorneys at law, foreclosed a mortgage of $4,500, face value, for the defendant on certain lands in Fond du Lac county, got judgment of foreclosure for $7,398, waited a year after they had judgment, then advertised the land for sale, and sold it May 9, 1896, obtaining an order confirming the sale, and the deed was delivered to the defendant, who bid it in; that they bid in the property, at her direction, for $8,100; that the amount due on the judgment at the time of the sale was about $8,200. The testimony of *Mr. Bachhuber*, one of the plaintiffs, was that he did this work to the best of his ability, and as good as any one could do it; that they had a settlement with the defendant, when she said she had no money to pay the sheriff with, to whom $30.80 was coming, and that he should pay it, which he did; then a conversation ensued about what the plaintiffs were to get, and it was settled there that they were to get $182.20 and the $30.80 which they had paid out, and that she paid back that $30.80; that the only agreement that he made was to foreclose the mortgage for the $100 that was stipulated therein, if it would include the taxable costs; that the settlement was after the work had been done and the deed made out to her; that he was to get solicitor's fees and costs for the work; that the defendant said, if the property would sell for more than the amount due her, she would give them more, but if it did not sell for more he was to have solicitor's fees and costs and taxable costs.

There was testimony given concerning an alleged failure to make certain heirs of the Vogt estate parties, and the delay that ensued in consequence thereof; that other attor-

neys appeared and demurred to the complaint; that delay occurred in serving the amended complaint, and also in obtaining the address of one of the heirs, which it seems plaintiffs used proper diligence to obtain; that delay occurred in obtaining service of papers, and, notwithstanding efforts used for that purpose, they did not succeed until January 22, 1895; that the plaintiff *Bachhuber* informed the defendant that the plaintiffs could get a judgment for deficiency by giving notice, but she would not have it; that the court was not then in session; that she did not want to delay any more, because summer was coming on; that they could not get any one to do the plowing; that the defendant was living in California; that they had an agreement with Mr. Hoey to act as guardian *ad litem,* and agreed to pay him $25 for his services; that some of the minor defendants did not appear and ask for a guardian *ad litem* within the twenty days after service, so they had to have Hoey appointed.

The judgment roll in the foreclosure case of *Anna C. Gerth v. Margaretha Vogt and others* was put in evidence, and it appeared that the taxable attorney's fees in the case were $98.73, and the disbursements $38.25. There was a conversation between *Mr. Bachhuber* and the defendant, *Mrs. Gerth,* in regard to the fees claimed, in the neighborhood of $180, when she said she had made a contract with him to do the work for $100. *Mr. Bachhuber* said it was customary for attorneys to take the taxable costs. Then she replied that it would be all right if they sold the farm to somebody else. The conversation finally came down to the point that he was to have the amount of about $180, and she asked him how much she owed him. He made out a slip, and gave it to her. She was satisfied when he gave her the slip. They did not have words. *Bachhuber* further testified that the $30.80 paid by him to Watson as sheriff's fees was not taxed as a part of the judgment; that he told the defendant that the $25 he was to pay Hoey he would

pay out of his fees, and she could pay Hoey and deduct it accordingly. The defendant testified in relation to the various matters mentioned, and that she never agreed to pay him taxable costs in addition to solicitor's fees; that he said he would do the work for $100, but no less; that Hoey sued her for $25, because he did not get his pay as guardian *ad litem* in the suit, which *Bachhuber* had promised; that she did not expect to get anything more than the face of the mortgage and interest; that she made a bargain with *Bachhuber* to pay him the $100 mentioned as solicitor's fees; that if she had to take the land she should have the taxable costs, and would not expect the costs if the land was sold to somebody else.

At the close of the testimony the defendant moved that a verdict be directed in her favor. The motion was denied.

The court set forth in its charge to the jury the respective contentions of the parties, and said: "The contract as to what they should get for their services in foreclosing this mortgage is simply a question of fact for you to determine under the evidence;" that when a contract is set up by a party to an action it was his duty to show, by a preponderance of evidence, what the contract was, and, if the other party claims that the contract was as they say here, the burden of proof was on them. "It is for you to determine under the testimony, and under the testimony alone, what the contract was as to the pay that they should receive from the defendant for the services rendered." In respect to the counterclaim, the court charged the jury that "an attorney must be held to undertake to use a reasonable degree of care and skill, and to possess to a reasonable extent the knowledge that is requisite to a proper performance of the duties of his profession, and, if injury results to his clients from a lack of such knowledge and skill or from a failure to exercise the same, the client may recover damages to the extent of the injury sustained. But, on the other side, we are all human

beings, and attorneys also, and attorneys are not responsible for errors and mistakes that they make. If an attorney is fairly capacitated to discharge the duties ordinarily incumbent upon one of his profession, and acts with a proper degree of attention, and with reasonable care, and to the best of his skill and knowledge, he will not be responsible." The court left it to the jury to say whether, under the circumstances, the evidence had shown them that plaintiffs had done their whole duty in pressing this suit as soon as they possibly could or not, and charged that, if they had done what could reasonably be expected of them, the jury could not assess damages; that damages could be assessed only if they neglected their duty in doing what they ought to have done under the circumstances. The court left it to the jury to deduct the amount paid to Hoey, guardian *ad litem*, up to $25, and said that in arriving at their verdict they must take the evidence, and only the evidence. Various exceptions were taken to the charge.

The jury returned a verdict in favor of the plaintiffs for $184.20, and from the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Giffin & Sutherland*, and oral argument by *D. D. Sutherland*.

*M. L. Lueck*, for the respondents.

PINNEY, J. We think that it cannot be maintained, in any fair view of the evidence, that the defendant was entitled to have a verdict directed in her favor, and the court rightly refused the defendant's request.

Our attention has been directed to the following passage in the charge of the court to the jury assigned as error: "Now, in arriving at your verdict, gentlemen of the jury, you must take in evidence all the evidence, and only the evidence. You must pay no attention to comments on the part of counsel in this case or of the court. And, in running

Malone and another vs. Gerth.

over the evidence, it is for you to say what weight shall be given to the testimony of each person that has been on the stand. You have seen them yourselves; you have seen the way in which they testified; you are the judges of their candor and fairness; and you are the only judges as to the weight that shall be given to the testimony of each of these parties." No proper exception appears to have been taken to the passage complained of. The charge must be taken as an entirety, and judged by the effect it was likely to produce as a whole. We cannot say that, under the circumstances, there is reversible error in the charge in respect to paying no attention to comments on the part of counsel or the court. We see no reason to suppose, in view of the result, that the defendant was prejudiced by it.

The court set forth in its charge to the jury the respective contentions of the parties, and said: "The contract as to what they should get for their services in foreclosing this mortgage is simply a question of fact for you to determine, under the evidence." The principal question in this case is whether the plaintiffs used reasonable care and diligence, as attorneys, in and about their employment by the defendant to foreclose her mortgage, in conducting the business with which she had intrusted them. The court properly instructed the jury, as already stated, that "an attorney must be held to undertake to use a reasonable degree of care and skill, and to possess to a reasonable extent the knowledge requisite to a proper performance of the duties of his profession, and, if injury results to the client as a proximate consequence of the lack of such knowledge or skill, or from the failure to exercise it, the client may recover damages to the extent of the injury sustained; but we are all human beings, and attorneys are not responsible for errors and mistakes that they make. If an attorney is fairly capacitated to discharge the duties ordinarily incumbent upon one of his profession, and acts with a proper degree of attention, and with

reasonable care, and to the best of his skill, he will not be responsible.    He must, of course, act toward his client with integrity and honesty."    1 Am. & Eng. Ency. of Law, 961, 962.    This statement was sufficiently full and accurate to meet the requirements of the case, and to enable the jury to properly appreciate and perform their duty in respect to it.    The facts were left quite fairly and broadly by the court to the jury as to what the contract between the parties was, and what, if any, damages the defendant was entitled to, within the rule of liability stated.

A good many considerations of a technical character were urged, which do not require particular notice.    No material error appears to have intervened, and we perceive no sufficient reason for disturbing the judgment.

*By the Court.*— The judgment of the county court is affirmed.