991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
G. Bradford MERKL, Plaintiff/Appellant,
v.
Daniel T. HARDY, et al., Defendants/Appellees.
 No. 92-2456.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided April 14, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied June 30, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and WILBUR F. PELL, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Bradford Merkl hired Peder Arneson to help him pursue arbitration over a labor dispute he was having with the painting company that fired him. About a year and a half after Arneson stopped representing Merkl, Arneson, represented by Robert Johns, sued Merkl for his attorney's fees. Merkl counterclaimed that Arneson had committed legal malpractice while representing him. Merkl was represented in that suit by Bruce Schultz, who worked at the same firm as Daniel Hardy and Bradley Armstrong.
 
 
 2
 After reviewing the case and pursuing discovery, Schultz advised Merkl that he did not think that Merkl could win a trial against Arneson and that Merkl should try to negotiate a settlement with Arneson. Merkl responded by hiring Brian Mullins to look at the case and prepare a written report on it, hoping that Mullins could persuade Schultz that Merkl indeed had a case. Schultz withdrew from representing Merkl before Mullins could prepare a report. Merkl, then, asked Mullins to discuss the case with Bradley Armstrong, a member of the firm at which Schultz worked when Schultz first took the case. This never happened, though, because Armstrong refused to represent Merkl. Merkl nevertheless insisted on getting a report on the case from Mullins.
 
 
 3
 Archie Simonson eventually took over Merkl's case against Arneson. Simonson negotiated a settlement with Arneson whereby Arneson dropped his claim against Merkl and paid Merkl $6500.
 
 
 4
 Merkl then filed this suit in federal court in Wisconsin under the diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The suit was filed against, as far as we can tell, every attorney Merkl dealt with in his state-court case, claiming that they all had been negligent in their duties as attorneys. The court granted summary judgment in favor of all the defendants because he found that Merkl had failed to establish essential elements of attorney negligence regarding each defendant. The court also sanctioned Merkl under Federal Rule of Civil Procedure 11. Merkl's contentions on appeal all center on his argument that the court applied the wrong standards of law to the suit. Specifically, he argues that the court erred by holding that an attorney-client relationship must exist to support a claim of negligence by an attorney, and that the court erred by failing to realize that a breach of the Wisconsin Rules of Professional Conduct for Attorneys would support a claim of negligence.
 
 
 5
 The district court applied the correct law to this case. Merkl's claims against Arneson, Johns, Hardy, and Armstrong were patently frivolous. Wisconsin requires an attorney-client relationship before an action for negligence will lie with the plaintiff. Security Bank v. Klicker, 142 Wis.2d 289, 295, 418 N.W.2d 27, 30 (Wis.Ct.App.1987). Arneson hasn't represented Merkl since 1985, and he was the defendant in the state court case that spurred this case. Johns was Arneson's attorney in that case and never represented Merkl. Armstrong declined when Merkl asked Armstrong to represent him. The only time Hardy ever even talked to Merkl was when Merkl first called Hardy's firm; Hardy was the only person who could answer the phone, but since he was a tax lawyer he put Merkl in touch with Schultz. None of these scenarios amount to an attorney-client relationship. Merkl claims that the relationship is irrelevant because the lawyers owed him a duty anyway--Arneson and Johns to reveal their relationship with the initial judge who eventually recused himself, and Hardy and Armstrong to take his case after Schultz dropped it. While it is true that a lawyer in some cases owes certain duties to third parties, this is not a case in which those duties come into play. See Strid v. Converse, 111 Wis.2d 418, 428-30, 331 N.W.2d 350, 356 (Wis.1983).
 
 
 6
 Wisconsin law requires a plaintiff in a legal malpractice suit to present expert testimony to establish the standard of care required of an attorney and whether the defendant has departed from this standard. Olfe v. Gorden, 93 Wis.2d 173, 181, 286 N.W.2d 573, 577 (Wis.1980); Helmbrecht v. St. Paul Ins. Co., 122 Wis.2d 94, 112, 362 N.W.2d 118, 128 (Wis.1985). This requirement is dropped when the attorney's conduct does not relate to his expertise as an attorney, or when the negligence is so obvious that the court may find a breach as a matter of law. Olfe, 93 Wis.2d at 181-82, 286 N.W.2d at 577. The court properly granted summary judgment in favor of Schultz, Mullins, and Simonson because Merkl failed to submit expert testimony (nor did he ever intend to) that would show that these lawyers were negligent in this case. Nor do the exceptions to that requirement apply here. There are no material facts in dispute that would make it obvious that Schultz was negligent as a matter of law. He pursued discovery in the case and recommended that Merkl take the same course of action that he ultimately took--a negotiated settlement of the case. Nor do any material facts in dispute show that Mullins could have prepared his report faster or better so as to have changed the outcome of Merkl's case. Arneson took a case that nobody seemed to want and negotiated a settlement that did not indicate obvious negligence. The court properly granted summary judgment in favor of Schultz, Mullins, and Arneson.
 
 
 7
 Finally, the court did not err in entering a protective order that limited Merkl's discovery questions. Merkl sought information about the attorneys' compliance with the Wisconsin Rules of Professional Conduct for Attorneys. That information, however, was irrelevant to this case. Peck v. Meda-Care Ambulance Corp., 156 Wis.2d 662, 673, 457 N.W.2d 538, 543 (Wis.Ct.App.1990) ("[T]he clear language of ... the Rules of Professional Conduct for Attorneys prevents their use to define the standards of professional care as a basis for civil liability"). The court's order, therefore, was a proper exercise of its discretion under Federal Rule of Civil Procedure 26(b)(1).
 
 
 8
 Daniel Hardy and Bradley Armstrong moved to strike from Merkl's brief the statement of facts. Given our disposition of the case, we deny the motion as moot.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs