STATE of Wisconsin, Plaintiff-Respondent,

v.

Marilee DEVRIES, Defendant-Appellant.†

Court of Appeals

*No. 2009AP3166–CR. Submitted on briefs May 3, 2011.
—Decided May 17, 2011.*

2011 WI App 78

(Also reported in 801 N.W.2d 336.)

† Petition for Review Filed 7/15/11.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of Law Office of *Matthew S. Pinix, LLC*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Michael C. Sanders*, assistant attorney general.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. Marilee Devries appeals the judgment convicting her of drunk driving as a fifth offense, *see* WIS. STAT. §§ 343.307(1), 346.63(1)(a), & 346.65(2)(am)5, the judgment convicting her after the revocation of her probation, and the circuit court order denying her motion for postconviction relief. The only issue on this appeal is whether the circuit court erred in counting Arizona and California drunk-driving matters as prior "convictions" under the Wisconsin statutes. We affirm.

## I.

██

¶ 2. Devries's appeal requires that we apply WIS. STAT. §§ 340.01(9r) and 343.307(1)(d). Our review of what they require is *de novo*. *See Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 201, 496 N.W.2d 57, 61 (1993). We apply statutes as they are written unless they are ambiguous or unconstitutional. *See State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 662, 681 N.W.2d 110, 123–124. Further, we will not overturn a circuit court's findings of fact unless they are "clearly erroneous." WIS. STAT. RULE 805.17(2) (trial court's findings of fact accepted on appeal unless they are "clearly erroneous") (made applicable to criminal proceedings by WIS. STAT. § 972.11(1)). When evidence is purely documentary, as it is here, our review is *de novo*. *State v. Love*, 2005 WI 116, ¶ 70, 284

Wis. 2d 111, 148, 700 N.W.2d 62, 81; *Schimmels v. Noordover*, 2006 WI App 7, ¶ 10, 288 Wis. 2d 790, 796, 709 N.W.2d 466, 470. Finally, proof of a crime's elements may be made by circumstantial evidence that logically flows from the direct evidence. *State v. Poellinger*, 153 Wis. 2d 493, 501, 507–508, 451 N.W.2d 752, 755, 758 (1990). We now turn to the statutes.

¶ 3. As material, WIS. STAT. § 343.307(1) provides:

> The court shall count the following . . . to determine the penalty under . . . [s.]346.65(2):
>
> . . . .
>
> (d) Convictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

As material, WIS. STAT. § 340.01(9r) provides:

> "Conviction" . . . means . . . a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal, an unvacated forfeiture of property deposited to secure the person's appearance in court . . . or [a] violation of a condition of release without the deposit of property, regardless of whether or not the penalty is rebated, suspended, or probated, in this state or any other jurisdiction.[1]

---

[1] WISCONSIN STAT. § 340.01(9r) reads in full:

Devries had argued that this definition does not apply to WIS. STAT. § 343.307(1)(d). After Devries filed her initial brief on this appeal, *State v. Carter*, 2010 WI 132, ¶ 43, 330 Wis. 2d 1, 17, 794 N.W.2d 213, 220, held that it did. Devries recognizes this and withdraws her argument to the contrary. By using the disjunctive word "or" in § 340.01(9r) to separate the various ways a person may be "convicted," the legislature provided that each way was independent of the others. *See State v. Dearborn*, 2008 WI App 131, ¶ 21, 313 Wis. 2d 767, 780, 758 N.W.2d 463, 469, *aff'd.* 2010 WI 84, 327 Wis. 2d 252, 786 N.W.2d 97.

## II.

¶ 4. In support of its contention that Devries had four prior "convictions" under § 343.307(1)(d), the State

---

"Conviction" or "convicted" means an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal, an unvacated forfeiture of property deposited to secure the person's appearance in court, a plea of guilty or no contest accepted by the court, the payment of a fine or court cost, or violation of a condition of release without the deposit of property, regardless of whether or not the penalty is rebated, suspended, or probated, in this state or any other jurisdiction. It is immaterial that an appeal has been taken. "Conviction" or "convicted" includes:

(a) A forfeiture of deposit under ss. 345.26 and 345.37, which forfeiture has not been vacated;

(b) An adjudication of having violated a law enacted by a federally recognized American Indian tribe or band in this state.

(c) An adjudication of having violated a local ordinance enacted under ch. 349;

(d) A finding by a court assigned to exercise jurisdiction under chs. 48 and 938 of a violation of chs. 341 to 349 and 351 or a local ordinance enacted under ch. 349.

introduced certified copies of proceedings involving Devries in Arizona and California.[2]

## A. *The Arizona Matters.*

¶ 5. The State introduced the following certified copies of Arizona documents:

- An "Arizona Traffic Ticket and Complaint" (upper-casing omitted) that indicates that Devries was arrested on August 31, 2005, for driving while intoxicated. Devries's signature and fingerprint appears on the document under a checked box that reads: "Without admitting guilt, I promise to appear on the court date listed above." The document told Devries in bold letters: **"You Must Appear At:** "CITY OF PHOENIX MUNICIPAL COURT[,] 300 West Washington Street[,] Phoenix, AZ 85003 Phone (602) 262–6421" (Paragraphing altered.) The court date is given as September 9, 2005.

- A Phoenix Municipal Court "Record of Proceedings" (uppercasing omitted) referencing Devries's traffic ticket and complaint. The document has an entry for "9/16/05" that recites: "Past Court date. CMS Issued Summons." The document also indicates: "Attorney Name: Bruce Aldridge."

- A November 28, 2005, decision by an Arizona Department of Transportation administrative law judge suspending Devries's "Arizona driver's license/driving privileges" for ninety days. The decision noted that although Devries had requested a hearing on the proposed suspension, she did not appear. The decision also determined that Devries had been arrested in connection with the drunk-driving matter.

[2] Devries does not contend either that the documents were not certified copies or that they were not admissible. *See* WIS. STAT. RULE 909.02(4).

- A Phoenix Municipal Court "Record of Proceedings" (uppercasing omitted) referencing Devries's traffic ticket and complaint. The document noted that there was a "CURRENT TRIAL DATE: 06/07/06" (bolding omitted). An entry on the document dated June 2, 2006, recites "△ told △ Atty she was not going to be here. △ Atty has left multiple messages for about trial date."

These documents are evidence that: (1) Devries was arrested on August 31, 2005 for drunk driving; (2) Devries was directed to appear in court on the specified date; (3) Devries promised to appear in court on the specified date; (4) Devries had a lawyer for the Arizona matter; and (5) Devries defaulted on her obligation and promise to appear in court. Indeed, one of Devries's trial lawyers conceded that Devries had "violated a condition of her bond" in Arizona. Thus, the documents support the circuit court's conclusion that Devries had a "conviction" as that word is defined by Wis. STAT. § 340.01(9r) because she did not appear in court when required. *See* § 340.01(9r) (defining "conviction" as including: a "fail[ure] to comply with the law in a court of original jurisdiction"; and a "violation of a condition of release without the deposit of property.") We will look at Devries's contentions to the contrary after we examine the California materials.

B. *The California Matters.*

¶ 6. The State introduced the following certified copies of California documents:

- A "Notice to Appear" (uppercasing omitted) on a form used by the "Sheriff's Department County of Riverside" (uppercasing omitted) California. This document indicates the following:

- ° Devries's "Date of Violation" was December 26, 2003;

- ° Devries was "arrest[ed]";

- ° Devries was arrested for "DUI";

- ° Devries was "[i]n custody";

- ° Devries was "ordered to appear in the municipal Court of Riverside County" on February 2, 2004;

- ° On December 27, 2003, at 4:15 a.m., Devries signed the form, which included the following:

 "1. Without admitting guilt, I promise to appear at the time and place indicated below.

 "2. I understand that this court may require that I give bail or other assurance for my appearance.

 "3. I understand that failure to appear on the date indicated will result in a warrant being issued for my arrest."

- A complaint filed on January 26, 2004, in the Superior Court for Riverside County that charged Devries with drunk driving on December 26, 2003.

- A document titled "Case Print" (uppercasing omitted) for the Riverside courts referencing Devries's arrest on December 26, 2003. The document noted the following.

 - ° There was an "[a]rraignment" on February 2, 2004, but Devries did not appear.

 - ° At the February 2 proceeding, a "Bench Warrant Issued for Failure to Appear. Bail set at $10000.00."

 - ° Devries appeared in court on March 2, 2004, with her lawyer "J. Kendall." After a stipulated "advisement of rights" (uppercasing omitted),

438

Devries pled "not guilty." The bench warrant was "[r]ecalled." A pretrial hearing was set for April 6, 2004.

° On April 6, 2004, Devries's lawyer asked for an adjournment. The matter was reset for May 4, 2004.

° On May 4, 2004, Devries's lawyer asked for an adjournment. The matter was reset for June 1, 2004.

° On June 1, 2004, Devries did not appear. The document notes: "Defendant represented by private counsel J. Kendall." It also recites: "O.R. Revoked[.] Bench Warrant Issued for Failure to Appear. Bail set at $10000.00."

¶ 7. These documents are evidence that: (1) Devries was arrested on December 26, 2003, for drunk driving; (2) Devries was "ordered" to appear in court on the date specified in the Notice to Appear; (3) Devries promised to appear in court on the date specified in the Notice to Appear; (4) Devries did not appear on the date specified in the Notice to Appear; (5) Devries had a lawyer for the California matter; (6) Devries pled "not guilty"; and (7) Devries did not appear for trial. Thus, the documents support the circuit court's conclusion that Devries had a "conviction" as that word is defined by WIS. STAT. § 340.01(9r) because she did not appear in court after she was arrested and released even though she was "ordered" to do so, and she did not appear on the date scheduled for trial. *See* § 340.01(9r) (defining "conviction" as including: a "fail[ure] to comply with the law in a court of original jurisdiction"; and a "violation of a condition of release without the deposit of property."). We now look at Devries's contentions that we should nevertheless reverse.

439

## III.

¶ 8. Devries argues that the evidence was not sufficient to find that she had "convictions" as that word is defined by Wɪꜱ. Sᴛᴀᴛ. § 340.01(9r) and that the prosecutor improperly testified when he explained what he asserted the documents meant. Devries also argues that she did not have the requisite constitutional protections in connection with the Arizona and California matters, and that, therefore, those matters cannot be counted to enhance her penalties for driving drunk in Wisconsin. We disagree, and look at her contentions in turn.

### A. Sufficiency of the Evidence.

██

¶ 9. When Wisconsin's driving laws provide for the enhancement of penalties for a current offense based on prior offenses, the State must present " 'competent proof' " of those earlier offenses. State v. Spaeth, 206 Wis. 2d 135, 148, 556 N.W.2d 728, 733 (1996) (operating after revocation) (quoted source omitted). If the defendant does not admit the earlier offenses, the State can satisfy its burden of proof "by placing before the court reliable documentary proof of each conviction. Id., 206 Wis. 2d at 148, 556 N.W.2d at 733–734. Devries seizes on the word "conviction" and, using it occasionally in its general sense to mean a judicial adjudication of guilt, ignores the special definition that we have already seen is supplied by Wɪꜱ. Sᴛᴀᴛ. § 340.01(9r).[3] As

---

[3] Thus, for example, Devries argues in her main brief on this appeal:

> The State sought to prove that Devries had prior convictions in California and Arizona by introducing certified

noted, the certified copies of the documents establish on their face that Devries's non-appearances on the Arizona and California matters were "convictions" as defined by § 340.01(9r). Devries has not pointed to anything in those documents that she contends is not true. Indeed, one of her trial lawyers conceded that Devries did not appear in connection with both the Arizona and California matters as required: "She was pulled over in two different jurisdictions. She went through, she did the breathalyzer. She never showed up for Court, that was it, the end, done." (Paragraphing altered.)

¶ 10. Devries argues with respect to the Arizona matter that there is no evidence that, although she was arrested and let go, "her promise to appear served as the basis for her release." Putting aside the clear circumstantial evidence that the officer would not have let her go if she did not promise to appear when and where she was directed, as we have seen, WIS. STAT. § 340.01(9r) defines "conviction" as including having "violated or failed to comply with the law in a court of original jurisdiction." By not appearing in court on the specified date, as directed, Devries did not "comply with the law." By the same token, Devries contends with respect to the California matter that although she was arrested and let go following her promise to appear in court as "ordered," that "does not mean that she was released

---

copies of her California and Arizona driving records. Included amongst the documents submitted by the State are teletype copies of Devries' DOT driving records from both jurisdictions. Absent from those teletype records is language clearly stating that Devries was convicted of an OWI offense in either jurisdiction. Thus, the documentation relied upon by the State to prove Devries' prior convictions was not on its face is [*sic*] plainly demonstrative of a prior conviction. (Record citations omitted.)

As we see later in footnote 5, Devries makes a similar contention in her reply brief.

contingent upon that promise." Again, putting aside the clear circumstantial evidence that the officer would not have let her go if she did not promise to appear when and where she was "ordered," Devries clearly "violated or failed to comply with the law" when she repeatedly did not appear as required.

B. *Alleged Testimony by the Prosecutor.*

██ ██

¶ 11. Lawyers are generally prohibited from testifying for their clients. *Peck v. Meda-Care Ambulance Corp.*, 156 Wis. 2d 662, 670, 457 N.W.2d 538, 542 (Ct. App. 1990). The rule, however, is designed " 'to protect systemic interests' rather than those of the client or adversary." *Id.*, 156 Wis. 2d at 671–672, 457 N.W.2d at 542–543 (quoted source omitted). All the prosecutor did here was to argue why, in the State's view, the documents supported the enhanced penalties for a fifth-offense drunk-driving conviction. Devries's trial lawyer made similar arguments contesting the prosecutor's interpretation. Devries's appellate briefs point to nothing in the Record where the prosecutor "testified." Further, the prosecutor's comments to the trial court are immaterial to our *de novo* analysis of what the documents say.

C. *Collateral Attack on the Arizona and California Matters.*

¶ 12. Offenses that the State seeks to use as a penalty enhancer for a current offense may be collaterally attacked if the procedures underlying those predicate offenses were constitutionally flawed. *See State v. Ernst*, 2005 WI 107, ¶¶ 2, 22, 25, 283 Wis. 2d 300, 306–307, 317, 318, 699 N.W.2d 92, 95, 100–101 (The

"defendant must make a prima facie showing that his or her constitutional right to counsel in a prior proceeding was violated."). If the defendant makes a prima facie showing that the procedures in the underlying matters were constitutionally flawed, the State has the ultimate burden to show that they were not. *Id.*, 2005 WI 107, ¶ 27, 283 Wis. 2d at 320, 699 N.W.2d at 102. In trying to meet that burden, the State has a right to question the defendant about the matters encompassed by the alleged constitutional infirmities. *Id.*, 2005 WI 107, ¶¶ 30, 33, 283 Wis. 2d at 322, 324–325, 699 N.W.2d at 103, 104. If the defendant refuses to testify, the circuit court may conclude that the State has satisfied its burden to show compliance with the constitution. *Id.*, 2005 WI 107, ¶¶ 35–36, 283 Wis. 2d at 326–327, 699 N.W.2d at 105. Although the Record does not indicate that Devries refused to testify based on her Fifth Amendment rights, she did not testify about any matters that are of issue on this appeal. While a defendant is certainly not required to testify, the lack of testimony may affect his or her ability to show that the underlying enhancement-proceedings were constitutionally infirm.

¶ 13. Beyond mere assertion, Devries has not pointed to *anything* that even indicates that *any* of her constitutional rights were compromised. Indeed, she actually contends in her main brief that she "never knowingly, intelligently, or voluntarily waived her right to the assistance of counsel in California or Arizona" even though both the Arizona and California docu-ments indicate that she *did* have lawyers in those states in connection with the her drunk-driving arrests.[4] Her

---

[4] We caution appellate counsel for Devries that justice can only be done under accepted legal principles if all parties to a dispute take care not to exaggerate or mislead. *See Wisconsin Natural Gas Co. v. Gabe's Constr. Co., Inc.*, 220 Wis. 2d 14, 19

contention that the underlying Arizona and California matters were constitutionally flawed is wholly without merit and borders on being frivolous.[5]

*By the Court.*—Judgments and order affirmed.

n.3, 582 N.W.2d 118, 119 n.3 (Ct. App. 1998) ("misleading statements in briefs" violate "SCR 20:3.3, which requires candor toward tribunals.").

[5] After listing the constitutional guarantees that protect persons accused of crime (the right to a lawyer and the lawyer's effective assistance, the right to be present at trial, and the right of confrontation), Devries writes in her reply brief:

> To now conclude that Devries was convicted in California and Arizona is to reach a conclusion of law regarding her guilt without affording her the right to a trial, the right to a jury, the right to counsel, etc. Interpreting violations of bond in a pending criminal matter as a conviction for penalty enhancement purposes is thus an abuse of discretion.

Of course, not only did Devries have lawyers in connection with the Arizona and California matters, but she absconded and thus forfeited her right to have those matters play out to a conclusion. Further, in light of her having absconded in both Arizona and California before the matters there could be tried, her contention that she was not "afford[ed]" a trial is bizarre.